UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDEN FOODS, INC. and MICHAEL
POTTER, Chairman, President and Sole
Shareholder of Eden Foods, Inc.,

    Plaintiffs,

v.

KATHLEEN SEBELIUS, Secretary of the
United States Department of Health and Human
Services; UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES;
SETH D. HARRIS, Acting Secretary of the
United States Department of Labor; UNITED
STATES DEPARTMENT OF LABOR;
ACK LEW, Secretary of the United States
Department of the Treasury; and UNITED
STATES DEPARTMENT OF THE TREASURY,

    Defendants.

_____/

Civil Action No. 13-11229

Honorable Denise Page Hood

**ORDER DENYING EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER
and
NOTICE OF SETTING HEARING DATE
ON MOTION FOR PRELIMINARY INJUNCTION**

**I.     BACKGROUND**

On March 20, 2013, Plaintiffs filed the instant action against Defendants Kathleen Sebelius, Secretary of the United States Department of Health and Human Services; United States Department of Health and Human Services ("HHS"); Seth Harris, Acting Secretary of the United States Department of Labor ("DOL"); Jack Lew, Secretary of the United States Department of the Treasury; and United States Department of the Treasury ("Treasury"). Plaintiffs allege the

following claims: Violation of the First Amendment to the United States Constitution Free Exercise Clause (Count I); Violation of the First Amendment to the United States Constitution Free Exercise Clause (Count II); Violation of the First Amendment to the United States Constitution Free Exercise Clause (Count III); Violation of the First Amendment to the United States Constitution Establishment Clause (Count IV); Violation of the First Amendment to the United States Constitution Free Exercise Clause (Count V); Violation of the Religious Freedom Restoration Act ("RFRA") (Count VI); Violation of the Administrative Procedure Act (Count VII); Violation of the Administrative Procedure Act (Count VIII); Violation of the Administrative Procedure Act (Count IX); and Violation of the Administrative Procedure Act (Count X).

The Complaint is a challenge to the regulations issued under the Patient Protection and Affordable Care Act (Pub. L. 111-148, March 23, 2010, 124 Stat. 119) and the Health Care and Education Reconciliation Act (Pub. L. 111-152, March 30, 2010, 124 Stat. 1029) (collectively, the "Affordable Care Act"). (Comp., ¶ 2) The Affordable Care Act mandates that health plans provide coverage with respect to women, such as additional preventive care and screenings and directs the Secretary of HHS to determine what would constitute "preventive care" under 42 U.S.C. § 30066-13(a)(4). (Comp., ¶ 4) Without notice of rulemaking or opportunity for public comment, HHS, DOL and the Treasury, adopted the Institute of Medicine ("IOM") recommendations in full and promulgated an interim final rule ("Mandate") which requires all group health plans and health insurance insurers offering group or individual health insurance coverage provide all FDA-approved contraceptive methods and procedures. 76 Fed. Reg. 46621 (published Aug. 3, 2011); 45 C.F.R. § 147.130. (Comp., ¶ 5) The Mandate requires all insurance carriers, including Blue Cross/Blue Shield of Michigan, to provide coverage for contraception, abortion, and abortifacients in all of its

insurance plans, group and individual. (Comp., ¶ 6)

Plaintiffs assert that the Mandate forces employers and individuals to violate their religious beliefs because it requires employers and individuals to pay for insurance from insurance issuers which fund and directly provide for drugs, devices, and services which violate their deeply held religious beliefs. (Comp., ¶ 9) Plaintiffs seek to enjoin Defendants from implementing and enforcing provisions of the regulations, specifically the Mandate, asserting that the Mandate violates Plaintiffs' rights to the free exercise of religion under the First Amendment, the Religious Freedom Restoration Act, and the Administrative Procedure Act. (Comp., ¶ 12) Plaintiffs seek a Declaratory Judgment that the regulations, specifically the Mandate, violate Plaintiffs' rights to the free exercise of religion under the First Amendment, the Religious Freedom Restoration Act, and the Administrative Procedure Act. (Comp., ¶ 13)

Potter is the Chairman, President and sole shareholder of Eden Foods. (Comp., ¶ 15) Plaintiffs employ 128 full-time employees, are subject to the monetary penalties under the Affordable Care Act, and are forced under the Mandate by penalty of heavy fines to conduct business in a manner that violates their deeply held religious faith by providing and funding contraceptives and abortifacients. (Comp., ¶ 16) Eden Foods is a for-profit, natural foods company. (Comp., ¶ 76) Potter asserts he cannot compartmentalize his conscience or his religious beliefs from his daily work and actions as Chairman, President, and sole shareholder of Eden Foods. (Comp., ¶ 77) Plaintiffs share a common mission of conducting their business operations with integrity and consistent with the teachings, mission, and values of the Catholic Church. (Comp., ¶ 77) Plaintiffs purchase and provide group insurance through Blue Cross/Blue Shield of Michigan and provide this insurance to their employees. (Comp., ¶ 78)

Due to the Mandate, Plaintiffs are no longer allowed to exclude contraception and abortifacients from their insurance plan–and are forced to provide and pay for these services which violate their religious beliefs. (Comp., ¶ 89) Since Eden Foods' inception, Plaintiffs have excluded objectionable coverage such as providing contraception and abortifacients from their insurance plan. (Comp., ¶ 90) When presented with a contract on February 21, 2013 amending the group insurance plan to include the contraception and abortifacients coverage, Plaintiffs refused to sign the contract. (Comp., ¶ 91) Plaintiffs learned on March 15, 2013 that their group insurance plan added the contraception and abortifacients coverage without their consent. (Comp., ¶ 93) Plaintiffs wish to conduct their business in a manner that does not violate the principles of their religious faith. (Comp., ¶ 94)

Plaintiffs do not qualify for the "religious employer" exemption contained in 45 C.F.R. § 147.130(a)(1)(A) and (B). Since Plaintiffs do not qualify for the "religious employer" exemption, they are not permitted to take advantage of the "temporary safe-harbor" set forth at 77 Fed. Register 8725 (Feb. 15, 2012). (Comp., ¶ 119) Plaintiffs assert they must provide federal government-approved health insurance under the Affordable Care Act or pay substantial per-employee fines at $196,000 per year tax penalty. (Comp., ¶¶ 122-23) In addition, Plaintiffs assert that the Internal Revenue Code imposes a tax on any failure of a group plan to meet the requirements relating to group plan requirements, which for Plaintiffs would be at $4,672,000 per year. (Comp., ¶ 124)

Plaintiffs assert that the Affordable Care Act is not neutral because some groups, both secular and religious, enjoy exemptions from the law, while certain religious groups do not. (Comp., ¶ 127) Plaintiffs claim that HHS has issued more than a thousand waivers regarding particular employers and other health insurance plan issuers from compliance with certain provisions of the Affordable

Care Act. (Comp., ¶¶ 130-132) The Mandate indicates that the Health Resources and Services Administration ("HRSA") "may" grant religious exemptions to certain religious employers if they meet certain criteria and the organization is a non-profit organization. 45 C.F.R. § 147.130(a)(iv)(A) and (B). (Comp., ¶¶ 184-85) There is no exemption for a for-profit company. (Comp., ¶ 188)

This matter is before the Court on Plaintiffs Eden Foods, Inc. and Michael Potter's Emergency Motion for Temporary Restraining Order filed March 22, 2013. Plaintiffs assert they sought concurrence from Defendants, but the case had not yet been assigned to a specific attorney. (Motion, ¶ 14) Plaintiffs assert they will provide notice to Defendants via facsimile and via federal express. (Motion, ¶ 15)

**II.   ANALYSIS**

    **A.   Motion for Temporary Restraining Order**

        **1.   Standard**

The sole issue presented by Plaintiffs in this Motion for Temporary Restraining Order is whether denying Plaintiffs the ability to offer health insurance without the Mandate violates their sincerely held religious beliefs causing irreparable harm sufficient to warrant injunctive relief. (Motion, p. i) Plaintiffs cite the RFRA and the Free Exercise Clause of the First Amendment as a basis for the issuance of the temporary restraining order.

Plaintiffs filed the instant Motion for Temporary Restraining Order citing Fed. R. Civ. P. 65(b)(1). Rule 65(b) of the Federal Rules of Civil Procedures provides the Court with authority to issue a temporary restraining order as follows:

> Rule 65(b)  Temporary Restraining Order.
>
> **(1)   *Issuing Without Notice*.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

>    (A)   specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;
>
>    (B)   the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08; *Workman v. Bredesen,* 486 F.3d 896, 904-05 (6th Cir. 2007).

### 2.   RFRA

Plaintiffs argue that the HHS Mandate violates the RFRA, 42 U.S.C. § 2000bb *et seq.* The RFRA strictly prohibits the Government from substantially burdening a person's exercise of religion, 42 U.S.C. § 2000bb-1(a), except when the Government can demonstrate that application of the burden to the person furthers a compelling government interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000bb-1(b). The RFRA was enacted in response to the Supreme Court's decision in *Employment Division, Department of Human Services of Oregon*

*v. Smith,* 494 U.S. 872 (1990), where the Supreme Court held that the right to free exercise of religion under the First Amendment does not exempt an individual from a law that is neutral and of general applicability, and explicitly disavowed the test used in earlier decisions which prohibited the government from substantially burdening a plaintiff's religious exercise unless the government could show that its action served a compelling interest and was the least restrictive means to achieve that interest. 42 U.S.C. § 2000bb. The purpose of the RFRA was to "restore the compelling interest test" as set forth in *Sherbert v. Verner,* 374 U.S. 398 (1963) and *Wisconsin v. Yoder,* 406 U.S. 204 (1972).

The Court takes as true, Plaintiffs' deeply held religious beliefs. However, at this preliminary stage of the litigation without a response from Defendants, the Court will not issue a temporary restraining order based on the RFRA. Plaintiffs do not expressly make a distinction between the corporate entity Eden Foods and the individual Potter, who has brought the instant suit as Eden Foods' sole shareholder. The issue of what constitutes a "person" under the RFRA was not briefed by Plaintiffs.

Courts have held that the Mandate in question applies only to the corporate entity, not to its officers or owners, and that as to the individual owners, any burden imposed on them individually by the contraception mandate is remote and too attenuated to be considered substantial for purposes of the RFRA. *See Hobby Lobby Stores, Inc. v. Sebelius,* 870 F.Supp.2d 1278, 1294 (W.D. Okla. 2012); *Gilardi v. Sebelius,* 2013 WL 71150, at *9 (D.D.C. Mar. 3, 2013); *Conestoga Wood Specialties Corp. v. Sebelius,* 2013 WL 140110, at **10, 14 (E.D. Pa. Jan. 11, 2013); *Grote v. Sebelius,* 2013 WL 362725, at *6 (7th Cir. Jan. 30, 2013)(dissent). At this juncture of the proceedings, without benefit of Defendants' response, Plaintiffs have not shown that they have an

7

action under the RFRA.

### 3. First Amendment Free Exercise Clause

Plaintiffs also assert that the HHS Mandate violates the Free Exercise Clause of the First Amendment to the United States Constitution.

The Free Exercise Clause is to secure religious liberty in the individual by prohibiting any invasions thereof by civil authority. *Sch. Dist. of Abington Twp. v. Schempp,* 377 U.S. 203, 223 (1963). Religious belief takes shape within the minds and hearts of individuals, and its protection is one of the more uniquely human rights provided by the Constitution. Courts have held that the nature, history and purpose of the Free Exercise Clause demonstrate that it is one of the "purely personal" rights and as such, is unavailable to a secular, for-profit corporation. *See, Conestoga Wood,* 2013 WL 140110 at * 7. An incorporation's basic purpose is to create a legal entity, with legal rights, obligations, powers, and privileges different from those of natural individuals who created it, who own it, or whom it employs. *Id.* at *8, citing *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 163 (2001). The separation between a corporation and its owners means the corporation is not the alter ego of its owners for purposes of religious belief and exercise. *Conestoga Wood,* 2013 WL at *8. As to Eden Foods, at this juncture, the Court is not persuaded that Eden Foods has a right to proceed under the Free Exercise Clause of the First Amendment. As to the individual Potter, as sole shareholder of Eden Foods, the Court is not persuaded at this time that he has demonstrated that the Mandate violates the Free Exercise Clause based on his argument that the Mandate is not neutral nor generally applicable.

The protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious

reasons. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 532 (1993). Where a law is found to violate the Free Exercise Clause, it is invalid unless it is justified by a compelling interest and is narrowly tailored to advance that interest. *Id.* at 533. The Free Exercise Clause is not violated by a "valid and neutral law of general applicability on the ground that the law proscribes conduct that a plaintiff's religion prescribes. *Employment Div., Dep't of Human Res. of Or. v. Smith,* 494 U.S. 872, 879 (1990). A neutral law of general applicability need only be "rationally related to a legitimate government objective" to be upheld. *Combs v. Homer-Ctr. Sch. Dist.,* 540 F.3d 231, 243 (3d Cir. 2008). Courts have held that the Women's Preventive Healthcare Regulations are not specifically targeted at conduct motivated by religious belief. *O'Brien v. U.S Dep't of Health & Human Services,* 2012 WL 4481208, at *8 (E.D. Mo. Sept. 28, 2012). Even though exemptions were made for religious employees, this does not indicate that the regulations seek to burden religion but that the government made efforts to accommodate religious beliefs. *Id.* The purpose of the Women's Preventive Healthcare Regulations is not to target religion, but instead to promote public health and gender equality. *Id.* at *7; *Hobby Lobby,* 870 F.Supp.2d at 1289-90. Since courts have held that the regulations at issue do not offend the Free Exercise Clause, the individual Plaintiff Potter has not carried his burden that he will likely succeed on the merits of his Free Exercise Clause claim.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Emergency Motion for Temporary Restraining Order (**Doc. No. 10, filed March 22, 2013**) is DENIED.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction is set for a hearing

on **Friday, May 10, 2013, 2:00 p.m.**

IT IS FURTHER ORDERED that Plaintiffs must serve Defendants with a copy of the Complaint, the Motion for Preliminary Injunction and this Order by **March 27, 2013** and file a certificate of service indicating same**.** A response to the Motion for Preliminary Injunction must be filed by **April 19, 2013.** Any reply to the response must be filed by **May 1, 2013.**


       /S/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: March 22, 2013


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2013, by electronic mail and/or ordinary mail.

       /S/ LaShawn R. Saulsberry
Case Manager