# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 24, 2013

Ms. Kimberlee Wood Colby
Center for Law & Religious Freedom
8001 Braddock Road, Suite 302
Springfield, VA 22151

Mr. Charles E. Davidow
Paul, Weiss, Rifkind, Wharton & Garrison
2001 K Street, N.W.
Washington, DC 20006

Ms. Deborah Jane Dewart
620 E. Sabiston Drive
Swansboro, NC 28539

Ms. Jessica Lynn Ellsworth
Hogan Lovells
555 Thirteenth Street, N.W.
Columbia Square
Washington, DC 20004

Mr. Adam C. Jed
Ms. Alisa B. Klein
Mr. Mark B. Stern
U.S. Department of Justice
Appellate Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Ms. Ayesha N. Khan
Caitlin E. O'Connell
Americans United for Separation of Church and State
1301 K Street, NW, Suite 850
Washington, DC 20005

Mr. Gregory M. Lipper
Americans United for the Separation
of Church and State
518 C Street, N.E.
Washington, DC 20002-0000

Mr. Daniel Mach
American Civil Liberties Union
Program on Freedom of Religion & Belief
915 15th Street, N.W.
Washington, DC 20005

Ms. Erin Elizabeth Mersino
Thomas More Law Center
P.O. Box 393
Ann Arbor, MI 48106

Ms. Jennifer C. Pizer
Lambda Legal Defense and Education Fund
3325 Wilshire Boulevard, Suite 1300
Los Angeles, CA 90010

Mr. Bruce Harvey Schneider
Stroock, Stroock & Lavan
180 Maiden Lane
New York, NY 10038

Ms. Mailee Rebecca Smith
Americans United for Life
655 Fifteenth Street, N.W., Suite 410
Washington, DC 20005

Ms. Camilla B. Taylor
Lambda Legal Defense and Education Fund
11 E. Adams Street, Suite 1008
Chicago, IL 60603

Mr. Thomas W. Ude Jr.
Lambda Legal
120 Wall Street, 19th Floor
New York, NY 10005

      Re:  Case No. 13-1677, *Eden Foods, Inc., et al v. Kathleen Sebelius, et al*
         Originating Case No. : 2:13-cv-11229

Dear Counsel,

    The court today announced its decision in the above-styled case.

    Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                                            Yours very truly,

                                                             Deborah S. Hunt, Clerk


                                                             Cathryn Lovely
                                                             Deputy Clerk

cc:  Mr. David J. Weaver

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0304p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

| | |
|---|---|
| EDEN FOODS, INC. and MICHAEL POTTER, Chairman, President and Sole Shareholder of Eden Foods, Inc., <br>                        *Plaintiffs-Appellants*, <br>                       v. <br> KATHLEEN SEBELIUS, Secretary, United States Department of Health and Human Services; THOMAS E. PEREZ, Secretary, United States Department of Labor; JACK LEW, Secretary, United States Department of the Treasury, <br>                        *Defendants-Appellees*. | No. 13-1677 |

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cv-11229—Denise Page Hood, District Judge.

Decided and Filed: October 24, 2013

Before: DAUGHTREY, COLE, and WHITE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Erin Elizabeth Mersino, THOMAS MORE LAW CENTER, Ann Arbor, Michigan, for Appellants. Mark B. Stern, Alisa B. Klein, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. Mailee R. Smith, AMERICANS UNITED FOR LIFE, Washington, D.C., Kimberlee Wood Colby, CENTER FOR LAW AND RELIGIOUS FREEDOM CHRISTIAN LEGAL SOCIETY, Springfield, Virginia, Deborah J. Dewart, LIBERTY, LIFE, AND LAW FOUNDATION, Swansboro, North Carolina, Thomas W. Ude, Jr., LAMBDA LEGAL AND DEFENSE AND EDUCATION FUND, INC., New York, New York, Camilla B. Taylor, LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC., Chicago, Illinois, Jennifer C. Pizer, LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC., Los Angeles, California, Charles E. Davidow, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Washington, D.C., Bruce H. Schneider, STROOCK & STROOCK & LAVAN LLP, New York, New York, Daniel Mach, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, Washington, D.C., Ayesha N. Khan, Gregory M. Lipper, Caitlin E. O'Connell, AMERICANS UNITED FOR SEPARATION

1

No. 13-1677    *Eden Foods, Inc., et al. v. Sebelius, et al.*    Page 2

OF CHURCH AND STATE, Washington, D.C., Jessica Ellsworth, HOGAN LOVELLS US LLP, Washington, D.C., for Amici Curiae.

---

## OPINION

---

MARTHA CRAIG DAUGHTREY, Circuit Judge.  To comply with the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010), and the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029 (2010), collectively known as the Affordable Care Act (the Act), most businesses employing 50 or more individuals must provide female employees with health-insurance coverage that includes, at no cost to the employee, "such additional preventive care and screenings . . . as provided for in comprehensive guidelines supported by the Health Resources and Services Administration." 42 U.S.C. § 300gg-13(a)(4).  Those guidelines require plans to cover "[a]ll Food and Drug Administration approved contraceptive methods, sterilization procedures, and patient education and counseling for women with reproductive capacity."  77 Fed. Reg. 8725 (Feb. 15, 2012).

The plaintiffs, Eden Foods, Inc., and Michael Potter, appeal from a denial of their request for a preliminary injunction that would forbid federal agencies from enforcing that mandate against them.  They contend that offering such contraceptive services to the employees of Eden Foods would substantially burden the plaintiffs' religious beliefs and thus would contravene the protections afforded them under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb–2000bb-4 (RFRA).  However, the law of the circuit, announced in the recent decision in *Autocam Corp. v. Sebelius*, __ F.3d ___, 2013 WL 5182544 (6th Cir. Sept. 17, 2013), convincingly establishes that the district court did not abuse its discretion in denying the plaintiffs' requests for injunctive relief.

No. 13-1677      *Eden Foods, Inc., et al. v. Sebelius, et al.*                    Page 3

## FACTUAL AND PROCEDURAL BACKGROUND

**The Affordable Care Act**

In March 2010, Congress passed, and President Obama signed, the Affordable Care Act. The cornerstone of the Act is the requirement that all non-exempt, non-grandfathered employers of 50 or more people ensure that their employees receive a minimum level of health insurance. As part of that coverage, Congress mandated:

> A group health plan and a health insurance issuer offering group or individual health insurance coverage shall, at a minimum provide coverage for and shall not impose any cost sharing requirements for –
>
> * * *
>
> (4) with respect to women, such additional preventive care and screenings . . . as provided for in comprehensive guidelines supported by the Health Resources and Services Administration for purposes of this paragraph.

42 U.S.C. § 300gg-13(a)(4).

The Health Resources and Services Administration (HRSA) then delegated the task of developing appropriate preventive-services guidelines to the Institute of Medicine (IOM), an arm of the National Academy of Sciences funded by Congress to provide the government with expert advice on matters of public health. The IOM reviewed "what preventive services are necessary for women's health and well-being and therefore should be considered in the development of comprehensive guidelines for preventive services for women." HRSA, Women's Preventive Services Guidelines, *available at* http://www.hrsa.gov/womensguidelines/ (last visited Oct. 22, 2013). The Institute recommended, and the HRSA supported the suggestions, that the following preventive services be required to be provided to women employees at no cost to the women themselves: well-woman visits; screening for gestational diabetes; human papillomavirus testing; counseling for sexually transmitted infections; counseling and screening for human immune-deficiency virus; contraceptive methods and counseling; breast-feeding support, supplies, and counseling; and screening and counseling for interpersonal and domestic violence. *Id.*

With respect to contraceptive methods and counseling, the guidelines require non-exempt employers and insurance plans to provide "[a]ll Food and Drug Administration approved contraceptive methods, sterilization procedures, and patient education and counseling for all women with reproductive capacity." *Id.* Nevertheless, HRSA explained:

> The guidelines concerning contraceptive methods and counseling . . . do not apply to women who are participants or beneficiaries in group health plans sponsored by religious employers. Effective August 1, 2013, a religious employer is defined as an employer that is organized and operates as a non-profit entity and is referred to in section 6033(a)(3)(A)(i) or (iii) of the Internal Revenue Code. HRSA notes that, as of August 1, 2013, group health plans established or maintained by religious employers (and group health insurance coverage provided in connection with such plans) are exempt from the requirement to cover contraceptive services under section 2713 of the Public Health Service Act, as incorporated into the Employee Retirement Income Security Act and the Internal Revenue Code. HRSA also notes that, as of January 1, 2014, accommodations are available to group health plans established or maintained by certain eligible organizations (and group health insurance coverage provided in connection with such plans), as well as student health insurance coverage arranged by eligible organizations, with respect to the contraceptive coverage requirement.

*Id.*

Pursuant to the Act, therefore, exemptions from the contraceptive-coverage mandate are limited to certain sizes and types of employers. Specifically, the insurance requirements are not applicable to companies with fewer than 50 employees, *see* 26 U.S.C. §§ 4980H(a), (c)(2)(A); companies with health-insurance plans in existence on March 23, 2010, and unchanged after that date, *see* 45 C.F.R. § 147.140; and "religious employers," *see* 45 C.F.R. § 147.130(a)(1)(iv)(B).[1]

---

[1] The regulations define a "religious employer" as an organization that meets each of the following criteria:
   (1) The inculcation of religious values is the purpose of the organization.
   (2) The organization primarily employs persons who share the religious tenets of the organization.
   (3) The organization serves primarily persons who share the religious tenets of the organization.
   (4) The organization is a nonprofit organization as described in section 6033(a)(1) and section 6033(a)(3)(A)(i) or (iii) of the Internal Revenue Code of 1986, as amended.

Case 2:13-cv-11296-DPH-MAR ECF No. 30-1 filed 10/24/13 PageID.637 Page 8 of 15
Case: 13-1677 Document: 006111861820 Filed: 10/24/2013 Page: 8 (8 of 15)

No. 13-1677           *Eden Foods, Inc., et al. v. Sebelius, et al.*                      Page 5

Significant taxes are imposed upon a non-exempt employer who fails to provide the required insurance coverage. For example, an employer who offers its employees a health plan but omits items of required coverage shall be taxed "$100 for each day in the noncompliance period with respect to each individual to whom such failure relates." 26 U.S.C. § 4980D(b)(1). Complete failure to offer employees any health-insurance coverage will result in the imposition upon the employer of "an assessable payment equal to the product of the applicable payment amount and the number of individuals employed by the employer as full-time employees during such month." 26 U.S.C. § 4980H(a).[2]

**The Plaintiffs**

Plaintiff Michael Potter is the founder, chairperson, president, and sole shareholder of Eden Foods, Inc., a for-profit, natural-foods corporation that employs 128 individuals, more than 50 of whom work full-time for the company. The complaint in this matter alleges that Potter is a Roman Catholic, follows the teachings of the Catholic Church, and has "deeply held religious beliefs" "that prevent him from participating in, paying for, training others to engage in, or otherwise supporting contraception, abortion, and abortifacients." In fact, Potter claims that "these procedures almost always involve immoral and unnatural practices."[3]

---

45 C.F.R. § 147.130(a)(1)(iv)(B) (2012).

[2]"The term 'applicable payment amount' means, with respect to any month, 1/12 of $2,000." U.S.C. § 4980H(c)(1).

[3]Interestingly, in a conversation with salon.com's Irin Carmon, Potter's "deeply held religious beliefs," *see* Complaint ¶ 83, more resembled a laissez-faire, anti-government screed. Potter stated to Carmon, "I've got more interest in good quality long underwear than I have in birth control pills." Carmon then asked the Eden Foods chairman why he didn't seem to care about birth control when he had taken the step to file a lawsuit over the contraceptive mandate. Potter responded, "Because I'm a man, number one[,] and it's really none of my business what women do." The article continued:

> So, then, why bother suing? "Because I don't care if the federal government is telling me to buy my employees Jack Daniel's or birth control. What gives them the right to tell me that I have to do that? That's my issue, that's what I object to, and that's the beginning and end of the story." He added, "I'm not trying to get birth control out of Rite Aid or Wal-Mart, but don't tell me I gotta pay for it."

Irin Carmon, Eden Foods doubles down in birth control flap, SALON.com (Apr. 15, 2013, 7:45 am), http://www.salon.com/2013/04/15/eden_foods_ceo_digs_himself_deeper_in_birth_control_ourtrage.

In his capacity as chairman of Eden Foods, Potter has for years negotiated health-insurance policies for his employees with Blue Cross Blue Shield of Michigan. Those previous policies "specifically excluded contraception and abortifacients, and exempted [Potter] from providing, paying, contributing, or supporting contraception or abortifacients for others." On March 15, 2013, however, Potter was informed that, in compliance with the requirements of the Affordable Care Act, Blue Cross Blue Shield of Michigan would no longer offer such limited medical coverage; consequently, the corporation's group plan "had been changed to include abortifacients and contraceptive coverage."

Potter concedes that Eden Foods "does not fall under any sort of exemption" provided in the Affordable Care Act, and thus the corporation is subject to the Act's requirement that its health-insurance policy provide no-cost coverage for contraceptives for women employees. He alleges, however, that adherence to his claimed religious beliefs would necessitate him and his company violating the Act's mandate, resulting in the imposition of significant penalties. For example, were the corporation "to violate the law by ceasing to offer employee health insurance altogether, [it would] be penalized with fines of $2,000 per employee per year. The fines [would be] even more insurmountable [were the corporation to] decide to offer insurance without the objectionable coverage." Faced with this prospect, Potter and Eden Foods filed a complaint in federal district court, challenging the legality of the contraceptive mandate. The plaintiffs also filed with the court a motion for issuance of a temporary restraining order and a preliminary injunction.

**District Court and Motions Panel Rulings**

The district court denied the plaintiffs' motion for injunctive relief. In doing so, the court first noted that the plaintiffs failed to satisfy their RFRA burden of showing that the contraceptive mandate substantially burdened their exercise of their religion. Quoting from the district court opinion in *Hobby Lobby Stores, Inc. v. Sebelius*, 870 F. Supp.2d 1278, 1294 (W.D. Okla. 2012), *rev'd* 723 F.3d 1114 (10th Cir. 2013), the district judge explained:

Case 2:13-cv-11229-DPH-MAR ECF No. 30-1 filed 10/24/13 PageID.679 Page 17 of 15
Case: 13-1677 Document: 006011816310 Filed: 10/24/2013 Page: 10 (10 of 15)

No. 13-1677      *Eden Foods, Inc., et al. v. Sebelius, et al.*      Page 7

> [T]he particular burden of which plaintiffs complain is that funds, which plaintiffs will contribute to a group health plan, might, after a series of independent decisions by health care providers and patients covered by [the corporate] plan, subsidize *someone else's* participation in an activity that is condemned by plaintiff's religion. Such an indirect and attenuated relationship appears unlikely to establish the necessary "substantial burden."

(Internal quotation marks and citation omitted.)

The district court further concluded that the plaintiffs established no likelihood of success on their First Amendment free-exercise claim, noting that free-exercise-of-religion rights have never been extended to secular, for-profit corporations like Eden Foods, which are "not the alter ego[s] of [their] owners for purposes of religious belief and exercise." Moreover, Potter's First Amendment rights were not infringed by the mandate because that regulation does not seek to burden religion, but rather to promote public health and gender equality.

Both Eden Foods and Potter then appealed to this court, claiming as their sole issue that "Plaintiffs Michael Potter and Eden Foods are Likely to Succeed on their RFRA Claims." Pending resolution of the appeal, the plaintiffs sought issuance of an injunction restoring Eden Foods and Potter to the positions in which they found themselves prior to the implementation of the challenged provisions of the Affordable Care Act. A motions panel of this court unanimously denied that request, noting that the three judges were "not persuaded, at this stage of the proceedings, that a for-profit corporation has rights under the RFRA. Moreover, the burden Potter claims is too attenuated. The contraceptive mandate is imposed on Eden Foods, not Potter." *Eden Foods, Inc. v. Sebelius*, No. 13-1677 (6th Cir. June 28, 2013) (order).

## DISCUSSION

In reviewing whether the plaintiffs have demonstrated entitlement to injunctive relief, we examine four factors: (1) the movants' likelihood of success on the merits of their claim; (2) whether the movants would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to

No. 13-1677          *Eden Foods, Inc., et al. v. Sebelius, et al.*          Page 8

others; and (4) whether issuance of the injunction would serve the public interest. *See, e.g.*, *Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 590-91 (6th Cir. 2012). We examine the district court's decision on the likelihood of the movants' success on the merits *de novo*, but we will reverse the district court's decision to grant or deny an injunction only for an abuse of discretion. *Id.* at 591. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Given intervening events since the plaintiffs' filing of this appeal, we conclude that the plaintiffs in this matter have "simply no likelihood of success on the merits." On September 17, 2013, another panel of this court released its opinion in *Autocam Corp. v. Sebelius*, __ F.3d ___, 2013 WL 5182544 (6th Cir. Sept. 17, 2013), a case that resolved a similar challenge to the Affordable Care Act's contraceptive mandate. Like the case presently before us, *Autocam* involved claims by a for-profit, secular, incorporated business and the owners of that closely-held corporation. Like Eden Foods and Potter, the plaintiffs in *Autocam* alleged that the mandate forces practitioners of the Roman Catholic faith to choose between incurring substantial financial penalties for disobeying duly-promulgated regulations and ignoring sincerely held religious beliefs concerning the use of artificial contraceptives. *Id.* at *1. As in this case, the plaintiffs in *Autocam* argued that compliance with the dictates of the contraceptive mandate would substantially burden their exercise of religion in contravention of the protections afforded by RFRA. *Id.*

**Claims Raised by Plaintiff Potter**

Addressing those concerns and allegations, the *Autocam* opinion relied on basic, well-established principles of corporate law to hold that the individual owners/shareholders of Autocam had no standing to bring their claims against the government "in their individual capacities under RFRA, nor [could] Autocam assert the [individual plaintiffs'] claims on their behalf." *Id.* at *5. According to the court, "incorporation's basic purpose is to create a distinct legal entity, with legal rights,

No. 13-1677     *Eden Foods, Inc., et al. v. Sebelius, et al.*     Page 9

obligations, powers, and privileges different from those of the natural individuals who created it, who own it, or whom it employs." *Id.* (quoting *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)).

*Autocam*'s resolution of that standing issue now constitutes the law of this circuit. Consequently, we may not ignore that published circuit precedent, absent an intervening Supreme Court decision or an overruling of the prior decision by this court sitting *en banc*. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Moreover, even if the *Autocam* decision had not been issued, we would not have ruled differently on Potter's claims.

> As the Supreme Court held in *United States v. Lee*, 455 U.S. 252 (1982):
>
> When followers of a particular sect enter into commercial activity as a matter of choice, the limits they accept on their own conduct as a matter of conscience and faith are not to be superimposed on the statutory schemes which are binding on others in that activity. Granting an exemption from [statutory schemes] to an employer operates to impose the employer's religious faith on the employees.

*Id.* at 261 (declining to grant a Social Security tax exemption under the Free Exercise Clause to Amish employers). The Affordable Care Act's contraceptive mandate imposes duties and potential penalties upon Eden Foods only, not upon Potter, despite his status as the sole shareholder of the corporation. By incorporating his business, Potter voluntarily forfeited his rights to bring individual actions for alleged corporate injuries in exchange for the liability and financial protections otherwise afforded him by utilization of the corporate form. Adoption of Potter's argument that he should not be liable individually for corporate debts and wrongs, but still should be allowed to challenge, as an individual, duties and restrictions placed upon the corporation would undermine completely the principles upon which our nation's corporate laws and structures are based. We are not inclined to so ignore law, precedent, and reason.

As this court held in *Autocam*, individual shareholders/owners of a corporation have no standing to challenge provisions of laws that the corporation must obey under

No. 13-1677           *Eden Foods, Inc., et al. v. Sebelius, et al.*           Page 10

risk of legal penalty. It follows that Potter's claims must be dismissed for lack of jurisdiction.

**Claims Raised by Eden Foods**

In pertinent part, RFRA provides that the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1(a). Relying on this statutory prohibition, Eden Foods claims that the Affordable Care Act's contraceptive mandate does indeed burden *the corporation's* exercise of religion. Such an assertion necessarily raises a threshold issue: "whether a for-profit, secular corporation is able to engage in religious exercise under the Free Exercise Clause of the First Amendment and the RFRA." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 724 F.3d 377, 381 (3d Cir. 2013), *petition for cert. filed*, (U.S. Sept. 19, 2013) (No. 13-356).

We need not engage in an extensive discussion of the pros and cons of the query because this court, in *Autocam*, already has resolved the issue for this circuit. Relying in large part on the Third Circuit's analysis in *Conestoga Wood Specialties*, *Autocam* held that a for-profit corporation "is not a 'person' capable of 'religious exercise' as intended by RFRA." *Autocam*, __ F.3d at ___, 2013 WL 5182544, at *7. Such a holding necessarily guides our analysis of the identical issue in this case. Thus, as in *Autocam*, the corporate plaintiff here has failed to carry its burden of demonstrating that it has a strong likelihood of succeeding on the merits of its RFRA claims. Because Eden Foods cannot establish this first and most critical of the four criteria for justifying issuance of a preliminary injunction, *see Gonzales*, 225 F.3d at 625, the district court's denial of the relief sought by Eden Foods was proper and not an abuse of discretion.

**CONCLUSION**

Plaintiffs Eden Foods and Michael Potter have attempted to distinguish their challenges to the applicability of the Affordable Care Act's contraceptive mandate from those raised by the plaintiffs in *Autocam*. They have failed to do so. Thus, in accordance with the law of the circuit announced in *Autocam*, we hold that Eden Foods,

No. 13-1677         *Eden Foods, Inc., et al. v. Sebelius, et al.*         Page 11

a secular, for-profit corporation, cannot establish that it can exercise religion, and that Potter cannot establish his standing to challenge obligations placed only upon the corporation, not upon him as an individual. Consequently, we AFFIRM the district court's denial of Eden Foods's motion for a preliminary injunction and REMAND the case to the district court with instructions to DISMISS Potter's claims for lack of jurisdiction.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 13-1677

EDEN FOODS, INC. and MICHAEL POTTER,
Chairman, President and Sole Shareholder of
Eden Foods, Inc.,

      Plaintiffs - Appellants,

v.

KATHLEEN SEBELIUS, Secretary, United States
Department of Health and Human Services;
THOMAS E. PEREZ, Secretary, United States
Department of Labor; JACK LEW, Secretary,
United States Department of the Treasury,

      Defendants - Appellees.

> FILED
> *Oct 24, 2013*
> DEBORAH S. HUNT, Clerk

Before: DAUGHTREY, COLE, and WHITE, Circuit Judges.

## JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

    THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

    IN CONSIDERATION WHEREOF, it is ORDERED that the denial of Eden Foods's motion for a preliminary injunction is AFFIRMED, and the case is REMANDED to the district court with instructions to dismiss Potter's claims for lack of jurisdiction.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk